THE STATE OF OHIO, APPELLANT, *v.* ROBERTS, APPELLEE.

[Cite as State v. Roberts (1980), 62 Ohio St. 2d 94.]

(No. 79-1236—Decided April 23, 1980.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mr. Dennis S. Helmick,* for appellant.

*Mr. Joseph C. Merling* and *Ms. Kathleen C. King,* for appellee.

WILLIAM B. BROWN, J.   Appellee's conviction for driving under a suspended license is lawful only if his suspension continued after the expiration of the explicit six-month suspension period described in R. C. 4507.40(K).[1] The Court of Appeals reversed appellee's conviction for reason that his suspension had earlier terminated by operation of law, *i.e.,* when the above six-month period expired. The state herein argues that the Court of Appeals should have sustained the conviction because such suspensions do not terminate by operation of law but continue unless and until the Registrar returns driving privileges pursuant to R. C. 4507.41.[2]

The state's argument is without merit. R. C. 4507.40(N), in part, provides:

---

[1] R. C. 4507.40(K), in part, provides:

"When, upon determination of the registrar, any person has charged against him a total of not less than twelve points within a period of two years***the registrar shall notify the person***that his driver's license shall be suspended for six months***."

[2] R. C. 4507.41 provides:

"Any person whose license or permit is suspended, or who is put on probation or granted limited or occupational driving, under section 4507.40 of the Revised Code, is not eligible to retain his license, or to have his license returned, until he has been examined in the manner provided for in section 4507.20 of the Revised Code, and has been found by the registrar to be qualified to operate a motor vehicle, and until such time that he gives and maintains proof of financial responsibility, in accordance with section 4509.45 of the Revised Code."

*"Upon termination of* * * * *[a driver's] suspension* * * * and upon request of [that driver]* * *, the registrar shall return the license* * *upon determining that all provisions of section 4507.41 of the Revised Code have been met."* (Emphasis added.)

Based on the above provision, appellee could not seek the return of his driving privileges pursuant to R. C. 4507.41 *until* his six-month suspension had terminated. As such, appellee's compliance with R. C. 4507.41 is not the event which would terminate his suspension. Therefore, the Court of Appeals properly reversed the conviction for reason that, prior to the alleged infraction, appellee's license suspension had terminated by operation of law, upon expiration of the six-month period described in R. C. 4507.40(K).[3]

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY and HOFSTETTER, JJ., concur.

HOLMES, J., dissents.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER, J.

---

[3] While appellee cannot be convicted of driving under a suspension, numerous statutory sanctions are available which appear applicable to appellee's conduct. The application of such statutes is of course not before us.