Hillsborough
No. 84-063

THE STATE OF NEW HAMPSHIRE

v.

JAMES BATCHELDER

November 13, 1984

*Gregory H. Smith*, attorney general (*Douglas L. Patch*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

DOUGLAS, J. The issue presented on this appeal is whether habitual motor vehicle offender status terminates by law four years after a person has been adjudicated an habitual offender. We hold that it does not.

On December 19, 1977, the Superior Court (*Loughlin*, J.) found the defendant, James Batchelder; to be an habitual offender by an order effective as of December 28, 1976. The order revoking defendant's license directed defendant "not to operate a motor vehicle until such time as the privilege to operate a motor vehicle on said highways may be restored under the provisions of RSA 262-B:8 (Supp.)" (now codified at RSA 262:24). Subsequently, the defendant was indicted for driving after having been declared an habitual offender. The alleged incident occurred on July 2, 1983, six and one-half years after the effective date of Judge Loughlin's order.

The defendant moved to dismiss the indictment, arguing that.

pursuant to RSA 262:22 and RSA 262:23, an habitual offender order expires automatically after four years. The Court (*Wyman*, J.) denied the motion but agreed to an interlocutory appeal of the issue to this court.

Resolution of this issue involves an interpretation of the habitual offender statutes. RSA 262:22 contains a minimum license deprivation period of four years: "No license to drive motor vehicles in New Hampshire shall be issued to an habitual offender: 1. For a period of four years from the date of the order of the court finding such person to be an habitual offender . . . ."

After that time, if the revokee wishes to resume driving, he or she must petition the court for an order restoring that privilege: "At the expiration of four years from the date of any final order of a court . . . finding a person to be an habitual offender . . . such person *may petition the court* . . . for restoration of his privilege to drive a motor vehicle . . . ." RSA 262:24. (Emphasis added.) The penalty for driving while an habitual offender is set forth in RSA 262:23: "If any person found to be an habitual offender under provisions of this subdivision is thereafter convicted of driving a motor vehicle on the ways of this state while the order of the court prohibiting such driving is in effect, he shall . . . be sentenced to imprisonment for not less than a year nor more than five years."

The question presented is whether one who drives a motor vehicle four years after having been adjudicated an habitual offender, but before he has petitioned the court for restoration of his driver's license, may be prosecuted as an habitual offender and still be subject to the mandatory jail term prescribed by  RSA 262:23. The State contends that habitual offender status remains in effect "while the order of the court prohibiting such driving remains in effect" (RSA 262:23) and that this means the status continues until a license is reissued. The defendant argues that habitual offender status ends by law four years after adjudication, whether or not one seeks to have his driving privileges restored. We agree with the State's interpretation.

The four-year period which the defendant argues is the only time within which a person may be found to be operating after having been declared an habitual offender is merely the *minimum* period of time before a license *may* be restored. *See State v. Dysart*, 118 N.H. 743, 393 A.2d 569 (1978). RSA 262:24 provides that *after* this four-year period expires, the person "may petition the court" to have his driving privileges restored. If the revokee fails to seek restoration of his driving privileges after the four years have expired, he is still an habitual offender because the original order remains in effect until he takes the affirmative step of seeking restoration.

696

It is left to a superior court justice to decide upon a petition after the expiration of four years whether to restore the privilege of driving in this State. It will not be granted except for "good cause shown" and even then may be subject to such "terms and conditions as the court may prescribe." RSA 262:24. After a hearing, the trial judge might decide to continue the driving ban in effect indefinitely or for a finite period of time. *State v. Cook*, 125 N.H. 452, 481 A.2d 823 (1984). *But see Comm. v. Parfitt*, 428 A.2d 991, 993 (Pa. Super. 1981); *Comm. v. Fay*, 467 A.2d 384 (Pa. Super. 1983); *accord State v. Roberts*, 62 Ohio St. 2d 94, 403 N.E.2d 971 (1980).

Should a person who has been declared an habitual offender drive an automobile at any time before his privilege to do so has been restored by the court, he is subject to the minimum mandatory jail term prescribed by RSA 262:23.

For the above reasons, we affirm the order of the superior court.

*Affirmed.*

All concurred.