THE STATE OF OHIO, APPELLEE, *v.* GASSER, APPELLANT.

(No. 2116—Decided
December 11, 1985.)

*Ronald L. Rehm,* assistant prosecuting attorney, for appellee.
*Robert G. Schultz, Jr.,* for appellant.

QUILLIN, J.   This is an appeal from a conviction for driving while under a Financial Responsibility Act suspension in violation of R.C. 4509.76. We reverse.

Defendant-appellant Jeffrey A. Gasser's driver's license was suspended for six months pursuant to R.C. 4507.40(K) for accumulating twelve points on his driving record. This suspension terminated September 13, 1984. Pursuant to R.C. 4507.41, the Bureau of Motor Vehicles retained Gasser's license after the suspension terminated until he could demonstrate that he had complied with the Financial Responsibility Act ("FRA") by the methods prescribed in R.C. 4509.45.

On May 31, 1985, Gasser was stopped for having a headlight out. Gasser was then charged and convicted of driving while under an FRA suspension in violation of R.C. 4509.76. Gasser appeals.

Assignments of Error

"1.   The court erred in finding appellant guilty of driving under suspension when his suspension had terminated as a matter of law pursuant to Ohio Revised Code Section 4507.40(K), upon expiration of his six month suspension period.

"2.   The court erred in failing to follow established precedents in making its decision."

Gasser relies solely on *State* v. *Roberts* (1980), 62 Ohio St. 2d 94 [16 O.O.3d 102]. In *Roberts,* the accused was prosecuted under R.C. 4507.38 for driving under a suspended license. As here, a six-month suspension had been imposed for acquiring twelve points within two years (R.C. 4507.40). The Supreme Court reversed Roberts' conviction because the driving occurred after the six-month suspension had expired. The court ruled that the six-month suspension terminated automatically and did not continue until Roberts complied with the provisions of R.C. 4507.41, which includes complying with the FRA. We are bound by the holding in *Roberts.* The state seeks to distinguish the case at bar from *Roberts* because Gasser was charged with driving while under an FRA suspension in violation of R.C. 4509.76 rather than for driving while under a twelve-point suspension in violation of R.C. 4507.38. However, R.C. 4509.76 states:

"No person whose license or registration or non-resident's operating privilege *has been suspended or revoked under sections 4509.01 to 4509.78, inclusive,* of the Revised Code shall, during such suspension or revocation, drive any motor vehicle upon any highway or knowingly permit any motor vehicle

owned by such person to be operated by another upon any highway, except as permitted under such sections." (Emphasis added.)

The prosecution has failed to point out how Gasser's license had been suspended under R.C. Chapter 4509 as is required for a conviction under R.C. 4509.76. The state has simply not proven that Gasser's license was under suspension on the date in question. Accordingly, the assignments of error are sustained.

The conviction is vacated and the judgment of the trial court is reversed.

*Judgment reversed.*

MAHONEY, P.J., and BAIRD, J., concur.