DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a jury verdict in the Fremont Municipal Court for driving during an Financial Responsibility Act suspension. Because we find there was sufficient evidence to support appellant's conviction, we affirm.
 {¶ 2} On February 11, 2004, two Sandusky County sheriff's detectives observed appellant, Wayne A. Davis, driving eastbound on West State Street in Fremont. The detectives recognized appellant and believed that his driver's license was suspended. The officers turned and followed appellant while confirming the status of his operator's license. Eventually, the detectives intercepted appellant at a gas station and charged him with a violation of R.C. 4507.02, driving under a Financial Responsibility suspension. The charge was later amended to show a violation of R.C. 4510.16, reflecting the renumbering of the statute defining the offense by 2002 Am. Sub. S.B. 123 (eff. 1/1/04).
 {¶ 3} Appellant pled not guilty and the matter proceeded to a trial by jury. At trial, both detectives testified to observing appellant driving a vehicle. One of the officers produced a videotape taken from a gas station surveillance camera, showing appellant exiting the driver's side of his vehicle.
 {¶ 4} The officer testified that a records check of the car appellant was driving showed it properly licensed and registered in Georgia to Taiji Knight, who had been a passenger in the vehicle when detectives stopped appellant. Over objection, the state introduced an Ohio Bureau of Motor Vehicles "packet" under seal and signed by the bureau's registrar. The computer printout contained therein showed that appellant's temporary permit had been suspended for non-compliance with the Financial Responsibility Act for 90 days on September 29, 2000. Also in the packet was a copy of a "notice of suspension" sent to appellant, advising him of his 90-day suspension, pursuant to R.C. 4509.101. The notice also advised appellant that to reinstate his license, he must pay a reinstatement fee and file and maintain special financial responsibility insurance coverage for five years. The last document in the packet was a document showing appellant's reinstatement fee was paid on February 2, 2004. No filing of financial responsibility insurance was included.
 {¶ 5} With the introduction of this evidence, the state rested. When the defense rested without presenting witnesses, the matter was submitted to the jury, which returned a verdict of guilty as charged. The court entered judgment on the verdict and sentenced appellant. From this judgment of conviction, appellant now brings this appeal. Appellant sets forth the following three assignments of error:
 {¶ 6} "First Assignment of Error
 {¶ 7} "There was insufficient evidence to convict the appellant of driving under a Financial Responsibility Act suspension in violation of R.C. 4510.16.
 {¶ 8} "Second Assignment of Error
 {¶ 9} "The trial court failed to instruct the jury on an essential element of the offense charged.
 {¶ 10} "Third Assignment of Error
 {¶ 11} "The trial court erroneously and prejudicially admitted State's Exhibit `A' into evidence without a proper foundation."
 I. BMV Packet {¶ 12} We shall first discuss appellant's third assignment of error. Appellant asserts that the trial court erred in admitting his driving record from the Bureau of Motor Vehicles. According to appellant, there was insufficient foundation laid for admission of the document. Moreover, appellant insists, the packet is inadmissible hearsay for which there is no applicable exception.
 {¶ 13} Properly signed and sealed BMV records are both domestic public documents under seal, pursuant to Evid. R. 902(1), and certified copies of public records, pursuant to Evid. R. 902(4). As such, the documents are self-authenticating and, "* * * no testimonial foundation is necessary * * *." State v. Morehart (Oct. 31, 1997), 6th Dist. App. No. WD-97-047. See, also, State v. Harper (Dec. 21, 2000), 10th Dist. App. No. 00AP-23. Cf. State v. Hirsch (1998), 129 Ohio App.3d 294, 313. Additionally, as public records, BMV packets are excepted from the hearsay exclusion rule. Evid. R. 803(8).
 {¶ 14} Accordingly, appellant's third assignment of error is not well-taken.
 II. Sufficiency of the Evidence {¶ 15} In his first assignment of error, appellant insists that there was insufficient evidence to sustain his conviction for driving under an FRA suspension. Specifically, according to appellant, the state failed to offer any evidence showing that proof of financial responsibility was not maintained for the vehicle he was driving.
 {¶ 16} On appeal, a verdict may be overturned if there is insufficient evidence for its support. A reviewing court must determine whether there was presented at trial sufficient evidence to support all of the elements of the offense. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the offense proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978),56 Ohio St.2d 169; State v. Barnes (1986), 25 Ohio St.3d 203.
 {¶ 17} Appellant was charged with, and convicted of, a violation of R.C. 4510.16(A). The statute provides:
 {¶ 18} "(A) No person, whose driver's * * * or temporary instruction permit * * * has been suspended or canceled pursuant to [R.C. Chapter 4509], shall operate any motor vehicle within this state * * * during the period of the suspension or cancellation, except as specifically authorized by [R.C. Chapter 4509]. No person shall operate a motor vehicle within this state * * * during the period in which the person is required by [R.C. 4509.45] to file and maintain proof of financial responsibility for a violation of [R.C. 4509.101], unless proof of financial responsibility is maintained with respect to that vehicle."
 {¶ 19} R.C. 4501.16(A) is identical to the language of R.C. 4507.02(B)(1), prior to the legislature's reorganization of the traffic code in 2002 Am. Sub. SB 123. The statute defines two offenses: the first flatly prohibits anyone whose license or temporary permit has been suspended from operating any motor vehicle in Ohio during that suspension; the second offense prohibits even one whose license has been reinstated, but must file and maintain financial responsibility proof, from operating any vehicle unless there is proof of financial responsibility for the vehicle.
 {¶ 20} Appellant argues that, because the version of R.C. 4509.101(A)(2)(a) effective at the time of his arrest (post S.B. 123) sets the FRA suspension for a definite three-month period, his period of suspension had long since expired by operation of law. This circumstance, according to appellant, is similar to those found in Statev. Roberts (1980), 62 Ohio St.2d 94 and State v. Gasser (1985),29 Ohio App.3d 115.
 {¶ 21} In both Roberts and Gasser, drivers whose licenses were suspended on points violations completed the statutory six-month suspension, but failed to obtain reinstatement. Both were convicted of driving under suspension. On appeal, it was held that the convictions were improper because the defendants' license suspensions had expired by operation of law. Roberts at 96; Gasser at 117.
 {¶ 22} The opposite result was obtained, however, in State v.Honeyman (Oct. 22, 1991), 2nd Dist. No. 90-CA-24, a case, like this one, involving an FRA suspension. The Honeyman court distinguished Roberts andGasser by pointing out that in the pre-S.B. 123 version of R.C. 4509.101, suspension of a driver's operating privileges continued, "* * * until the person complies with division (A)(5) of this section * * *." Former R.C. 4509.101(A)(2)(a). Former R.C. 4509101(A)(5) requires payment of a reinstatement fee and the filing and maintaining of proof of financial responsibility. Consequently, the Honeyman court held, a defendant who had his or her operating privileges suspended continued to be suspended until the reinstatement fee and financial proof were submitted. One found driving during this time can properly be found guilty of violation former R.C. 4507.02, now R.C. 4510.16(A).
 {¶ 23} Appellant argues that the definition of the period of suspension found in post S.B. 123-R.C. 4509.101 distinguishes the present matter from Honeyman. The newer version of the statute designates an FRA suspension "a class E suspension" as defined in R.C. 4509.02. A class E suspension is for a period of three months. R.C. 4509.02(B)(5). This change, appellant insists, makes the period of an FRA suspension fixed and, therefore, comparable to the 12 point suspension discussed inRoberts and Gasser.
 {¶ 24} We need not reach the question of whether the legislature intended to change an FRA suspension from an indefinite to a definite suspension. The fallacy in appellant's argument is that the version of R.C. 4509.101 applicable to him is the pre-S.B. 123 statute in effect when his license was suspended, not the later version. Statutes are not applied retroactively unless expressly delineated for such purpose by the legislature. R.C. 1.48; Kiser v. Coleman (1986), 28 Ohio St.3d 259, 262;State v. Dolce (1993), 92 Ohio App.3d 687, 697. As a result, pursuant to former R.C. 4509.101(A)(2) and (5), appellant's suspension was indefinite and his license remained suspended until he paid his reinstatement fees and provided proof of financial responsibility.Honeyman, supra. Consequently, appellant could be charged and convicted of driving under suspension under the per se violation delineated in the first part of R.C. 4510.16(A), without the state bearing the burden to show a lack of proof of financial responsibility for the specific vehicle he was found driving.
 {¶ 25} There was evidence which, if believed, showed that appellant was driving during a period in which he had failed to satisfy all of the statutory requirements for reinstatement of his license from an indefinite FRA suspension. Thus, there was proof by which a reasonable trier of fact could have found all of the elements of the offense charged proved beyond a reasonable doubt. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 26} Since we have concluded that the state did not need to prove that the vehicle appellant was driving was without proof of financial responsibility, it follows that the trial court did not err in failing to charge the jury on this element. Consequently, appellant's second assignment of error is not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Fremont Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Sandusky County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., Concur.