[Cite as *State v. Angelo*, 2019-Ohio-422.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2018-0044 |
| DAVID M. ANGELO | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  TRD 1801394


JUDGMENT:                    Reversed and Vacated


DATE OF JUDGMENT ENTRY:      February 7, 2019


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

R. MICHAEL HADDOX                     R. SCOTT PATTERSON
PROSECUTING ATTORNEY                  2609 Bell Street
GERALD V. ANDERSON II                 Zanesville, Ohio  43701
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

**{¶1}**    Defendant-appellant David M. Angelo appeals his conviction and sentence on one count of operating a vehicle under a twelve-point suspension entered in the Muskingum County Court.

**{¶2}**    Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**    The relevant facts and procedural history are as follows:

**{¶4}**    On March 12, 2018 Muskingum County Sheriff's Deputy Nicole Brown, while on routine patrol, encountered a white car stopped at the side of a road in front of a residential address. Deputy Brown observed that the brake lights were illuminated, and from that surmised the vehicle was not in park. She observed two people in the vehicle. She then pulled her cruiser next to the subject car, at which time the white car began to slowly move forward and into a yard. The license tags came back to a different vehicle. Once the Deputy approached the vehicle, the driver, Appellant David M. Angelo, told Dep. Brown that the vehicle was not drivable and that help was on the way. Appellant was unable to produce a valid driver's license, but instead produced an ID with "NON-DRIVER" emblazoned upon it. Dep. Brown then ran Appellant's information through the Redhawk system. According to the Dep., Appellant came back "with several open suspensions, one being a twelve point." Appellant was placed under arrest for a twelve-point suspension violation and taken to the Muskingum County Jail, where an inventory search turned up a small amount of marijuana and paraphernalia.

**{¶5}**    On March 15, 2018, Appellant was charged with one count of Illegal Use or Possession of Drug Paraphernalia, in violation of R.C. §2925.14, a minor misdemeanor,

one count of Possession of Marijuana, in violation of R.C. §2925 .11, a minor misdemeanor, one count of Driving Under Twelve Point Suspension, in violation of R.C. §4510.037(J), a misdemeanor of the first degree, and one count of Fictitious Registration, in violation of R.C. §4549.08, a misdemeanor of the fourth degree.

{¶6}   At pretrial, defense counsel attempted to make clear to the representative of the Prosecuting Attorney and to the trial court that the charge was improper due to the expiration of the actual suspension period. The response was the suspension remained in effect until Appellant reinstated his license.

{¶7}   On June 4, 2018, Appellant pled no contest to each charge. Appellant was found guilty by the trial court on all counts. Appellant was sentenced to 140 days in jail, ordered to pay fines and court costs, and ordered to not have any criminal or MI traffic convictions for 60 months.

{¶8}   For purposes of this appeal, Appellant is only contesting his conviction for operating a vehicle under a twelve-point suspension.  Appellant now raises the following assignment of error on appeal:

### ASSIGNMENT OF ERROR

{¶9}   "I. THE TRIAL COURT [SIC] TO APPELLANT'S PREJUDICE WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS THE CHARGE OF VIOLATING ORC 4510.37(J), DRIVING UNDER A TWELVE-POINT SUSPENSION WHEN THAT SUSPENSION HAD EXPIRED MONTHS PRIOR TO DEFENDANT'S ARREST ON THE CURRENT CHARGE OF DRIVING UNDER A TWELVE-POINT SUSPENSION."

**I.**

{¶10}  Appellant argues that the trial court erred in denying his motion to dismiss the charge of driving under a twelve-point suspension. We agree.

{¶11} On review, we find that Appellant was placed under a twelve-point suspension from August 30, 2016, to February 26, 2017, as the result of a 2016 conviction.

{¶12}  The Ohio Supreme Court has held that, "the suspension of a driver's license for six months for accumulation of twelve points for traffic violations terminates by operation of law upon the expiration of that six-month period." *Columbus v. Herbert*, 1992 Ohio App. LEXIS 6720, citing, *State v. Roberts*, 62 Ohio St. 2d 94, 403 N.E.2d 971, 1980 Ohio LEXIS 695, 16 Ohio Op. 3d 102.

{¶13} While the BMV still has Appellant's driving record marked with an active twelve-point suspension, the State concedes that the twelve-point suspension terminated by operation of law upon the expiration of a six-month period. Therefore, when Appellant was pulled over by Officer Brown on March 12, 2018, his twelve-point suspension had already expired from his 2016 conviction. As such, charging Appellant under R.C. 4510.037(J) was improper as he was no longer under a twelve-point suspension.

**{¶14}** Appellant's first assignment of error is sustained.

**{¶15}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is reversed, and Appellant's conviction is vacated.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0131